No. 87–1176.   DON'S PORTA SIGNS, INC., ET AL. v. CITY OF
CLEARWATER, FLORIDA.   C. A. 11th Cir.   Certiorari denied.

JUSTICE WHITE, dissenting.

This case presents the question whether the standard of review
articulated in Bose Corp. v. Consumers Union of United States,
Inc., 466 U. S. 485 (1984), applies to trial courts' findings of fact
in cases striking down governmental restrictions on speech as con-
trary to the First Amendment.

The Federal District Court held in this case that a municipal
regulation effectively banning portable signs violated the First
Amendment.   The court found that the regulation did not directly
advance respondent's concededly substantial interest in esthetics
and that this interest could be served equally well by less in-
trusive measures.   See Central Hudson Gas & Electric Corp. v.
Public Service Comm'n of N. Y., 447 U. S. 557 (1980).   The
Court of Appeals for the Eleventh Circuit reversed.   829 F. 2d
1051 (1987).   The appellate court interpreted our decision in Bose
as mandating an independent examination of the whole record in
all cases involving First Amendment claims.   829 F. 2d, at 1053–
1054, n. 9.   Accordingly, the court concluded that it was not
bound by the "clearly erroneous" standard in reviewing whether
the regulation directly advanced respondent's esthetic goals and
was more extensive than necessary.   The Eleventh Circuit's view
that an independent examination of the record must be under-
taken when a trial court has found a First Amendment violation,
as well as when a trial court has rejected a First Amendment
claim, is shared by the Fifth Circuit.   See Lindsay v. San Anto-
nio, 821 F. 2d 1103, 1107 (1987), cert. denied, 484 U. S. 1010
(1988).

Two other Circuits have concluded, however, that de novo re-
view is required only where the trial court has rejected a First

Amendment claim.  See *Daily Herald Co.* v. *Munro*, 838 F. 2d 380, 383 (CA9 1988); *Planned Parenthood Assn./Chicago Area* v. *Chicago Transit Authority*, 767 F. 2d 1225, 1228–1229 (CA7 1985). These Circuits have reasoned that no special solicitude need be accorded "the government's claim that it has been wrongly prevented from restricting speech." *Id.*, at 1229.  Hence, if a trial court has held that the government unconstitutionally restricted speech, these Circuits will review the trial court's findings of fact only for clear error.

I would grant certiorari to resolve this conflict among the Federal Courts of Appeals as to the standard of review to be applied to trial courts' findings of fact in cases holding that the First Amendment has been violated.